FILED

2009 Jun-15 AM 10:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **LORENZO E. FLINT, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **1:05-CV-00116-VEH-JEO** |
| | ) | |
| **MIKE REEVES, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## MEMORANDUM OPINION

This is a petition for relief pursuant to 28 U.S.C. § 2241 filed by Lorenzo E. Flint, Jr. (hereinafter "Flint" or "the petitioner"), claiming that the respondents are improperly calculating his prior commitment and offense severity scores and are improperly executing the sentence imposed upon him.  (Doc. 1 at p. 1 ("Petition")). Pursuant to the usual practice of this court, the case was referred to a magistrate judge for preliminary review.

The petitioner asserts: (1) his BOP prior commitment score should be decreased from a level "3" to level "1"; (2) his BOP offense severity score should be decreased from level "7" to "3"; (3) the BOP erroneously relied upon an unproven threat to murder a confidential informant that is articulated in his presentence report; (4) the BOP should not rely on any information contained in his prior convictions for

loitering and prowling because he did not have the benefit of counsel; (5) the BOP

should not rely on information that he played the role of a manager or supervisor in

criminal activity because the trial court's enhancement of his sentence on that basis

violated *United States v. Glover*, 179 F.3d 1300 (11th Cir. 1999); (6) that because of

a conflict between the oral sentence and the written judgment in his case, he should

be serving a 180 month sentence instead of the 360 month sentence the BOP is

applying; (7) equal protection violations; and (8) due process violations.  By way of

relief, the petitioner seeks a correction of his BOP commitment and severity scores,

the costs of this suit, and monetary damages under the Privacy Act (5 U.S.C. §

552a(g)(1)) for the respondents' willful and intentional dereliction of duty.

On February 2, 2007, the magistrate judge entered a report and

recommendation finding that Flint's petition was due to be dismissed and denied with

prejudice.  (Doc. 19).  Thereafter, on April 23, 2007, the petitioner filed thirty-eight

pages of objections to the same.  (Doc. 24).  Included in the petitioner's objections

are the following:

1.  The calculations of his prior commitment and offense severity
    custody classification scores do not comply with BOP Policy
    Statement 5100.07 (*id*. at 6);
2.  The calculations of his prior commitment and offense severity
    custody classification scores are based on misinformation or an
    untrue criminal record, including use of two prior "un-counseled"
    convictions, allegations of a threat to murder an informant, and

his being a manager/supervisor in criminal activity (*id*. at 7-9);

3. The court improperly used Van Della L. Menifee's declaration rather than BOP Policy Statement 5100.07 in evaluating his prior commitment score (*id*. at 11);

4. The petitioner's probation violation conduct should not be considered in evaluating the prior commitment score and, instead, should be considered only in determining only the offense severity score (*id*. at 12);

5. Even if the probation violation conduct could be considered in evaluating the prior commitment score, BOP policy dictates that the probation violation behavior was a technical violation which should be scored, contrary to the magistrate judge's conclusion, at a low-moderate level (*id*. at 13);

6. The finding that the petitioner has prior offense behavior involving a stolen firearm that resulted in prior incarceration in Hillsborough County, Florida, is improper because he has not been charged, prosecuted, convicted, sentenced or incarcerated for the same (*id*. at 13-14);

7. The finding that his prior commitment score can be enhanced premised on the stolen firearm allegations is improper because there was no conviction, only the loitering/prowling conviction (*id*. at 15);

8. Use of the stolen firearm information violates *Sheppard* because the information is found only in a police report, not a charging or court document (*id*. at 16);

9. The findings that he was a manager/supervisor and involved in a threat to murder an informant should not be considered in determining the severity of the offense conduct (*id*. at 17)[1];

10. Use of the threat to murder information violates *Crawford* (*id*. at 19);

11. The court failed to address the manager/supervisor role adjustment and threat to murder adjustment as being a violation of *Booker* (*id*. at 20);

12. The finding that the purported death threat is to be considered when evaluating the severity classification score because the sentencing court did accept the PSR as written, not finding that

---

[1]The petitioner also objects to the court's failure to allow discovery on this issue. *Id*. at 18.

there was a death threat (*id*. at 21);

13.     Even if the information regarding the purported threat can be considered, it does not demonstrate a death threat, particularly since the informant was not a government official (*id*. at 22-23);

14.     The use of the threat information violates the confrontation clause as articulated in *Crawford* (*id*. at 24);

15.     Use of the two uncounseled convictions (Hillsborough and Dade County) violates *Shelton* (*id*. at 25);

16.     The finding that the PSR clearly states that the petitioner was represented by counsel on the Hillsborough and Dade County charges is improper (*id*. at 26-27);

17.     This court and the original trial court improperly concluded that he was a manager/supervisor of criminal activity in violation of *Glover* (*id*. at 28-30);

18.     The finding that there is no conflict between his oral and written sentence is erroneous (*id*. at 31-32);

19.     The finding that the trial court cleared up any ambiguity or uncertainty concerning his sentence by its subsequent denial of his requests for relief on his sentence is incorrect (*id*. at 33);

20.     The determination of his equal protection claim is premature (*id*. at 34);

21.     The determination that he does not have a due process claim in incorrect (*id*. at 35); and,

22.     The determination that he does not have a Privacy Act claim is incorrect (*id*. at 36).

On June 18, 2007, the respondents filed a "Status Report," stating that two of the claims the petitioner raised in this action are identical to claims that he raised in a prior civil action that was then on appeal to the United States Court of Appeals for the Eleventh Circuit. *Flint v. Jordan*, 514 F.3d 1165 (11th Cir. 2008). The Court of Appeals resolved that appeal on January 22, 2008. *Id*. The petitioner then sought certiorari review with the United States Supreme Court. Certiorari was denied on

October 6, 2008.  *Flint v. Jordan*, ___U.S.___, 129 S. Ct. 222 (2008).

This court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation and the petitioner's objections and has reached an independent conclusion that the Report and Recommendation is due to be adopted and approved.  The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court.[2]  In accord with the recommendation, this petition for writ of habeas corpus is due to be denied and dismissed with prejudice.  An appropriate order will be entered.

**DONE** this the 15th day of June, 2009.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[2]To the extent the petitioner objects that the magistrate judge failed to consider his argument that the Bureau of Prisons improperly used the stolen firearm information under *Shepard v. United States*,544 U.S. 13, 125 S. Ct. 1254 (2005) (doc. 24 at 15-16), this court finds this claim is without merit.  *Shepard* involved a sentencing enhancement issue under the Armed Career Criminal Act and is inapposite to the present issues.

To the extent that the petitioner objects that the magistrate judge violated the dictates of *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004), this court disagrees.  *Crawford* prohibited the use of testimonial hearsay statements under the Confrontation Clause unless the witness is unavailable and defendant had a prior opportunity to cross-examine the witness.  The present situation does not fall within the parameters of *Crawford*.  This claim, therefore, is without merit.

To the extent that the petitioner objects that the magistrate judge failed to address the claim that the "manager/supervisor role adjustment and the threat to murder obstruction adjustment both violate . . . *Booker*" (doc. 24 at 19-20), the court finds this claim is without merit.  In *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the United States Supreme Court held, among other things, that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. The court finds that *Booker* is not dispositive of any matter raised herein by the petitioner.